# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDON A. POTTS,

    Petitioner,

vs.

SHERIFF DOUGLAS GILLESPIE, et al.,

    Respondents.

Case No. 2:13-cv-00091-APG-CWH

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' answer (#8), and petitioner's reply (#10). The court finds that petitioner is not entitled to relief, and the court denies the petition.

**Facts and Procedural History**

Petitioner was driving when he encountered police cars stopped with their lights flashing. He changed lanes to avoid the lights, and he collided with a police motorcycle and a police officer. Police officers stopped petitioner. One officer, Kai Degner, asked petitioner if he would take field sobriety tests. Petitioner responded that there was no need because he had consumed alcohol. Ex. 11, at 14, 50, 56 (#9).[1] After further conversation, petitioner agreed to take the tests, which he failed. Petitioner did not receive the warnings of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), before this interaction with Degner. Petitioner was arrested.

---

[1] At an evidentiary hearing, Degner testified that petitioner said, without further prompting, that he had consumed three beers. Petitioner testified that he first said that he had been drinking and then specified the amount upon further questioning by Degner.

Petitioner litigated the legality of Degner's questioning and his responses, without success. He agreed to plead guilty to driving under the influence of intoxicating liquor causing substantial bodily harm, on the condition that he could continue to litigate the legality of Degner's questioning. Petitioner appealed the judgment of conviction, and the Nevada Supreme Court affirmed.

Petitioner commenced this action before the Nevada Supreme Court's decision on direct appeal, but the Nevada Supreme Court issued its decision before the court directed a response. The answer and the reply followed.

**Standard of Review**

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

-2-

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

**Discussion**

Petitioner argues that both the results of the field sobriety tests and his statements to Degner should have been suppressed under Miranda as the results of unwarned custodial interrogation. For both issues, the answers are found in Pennsylvania v. Muniz, 496 U.S. 582 (1990).

Petitioner litigated these issues in a pre-trial petition for a writ of habeas corpus filed with the Nevada Supreme Court. That court held:

> Even assuming that Potts was in custody, his statements and participation in field sobriety tests were not accomplished in the context of an interrogation under Miranda. Dixon v. State, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987) (stating that a Miranda warning is not required "before reasonable questioning and administration of field sobriety tests at a normal traffic stop").

Ex. 16, at 2-3 (#9).[2]

The Supreme Court of the United States has never clearly established whether the results of field sobriety tests are testimonial and thus within the protections of the Fifth Amendment and Miranda. Muniz, 496 U.S. at 602-03 & n.16. Consequently, the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined

---

[2] On direct appeal, the Nevada Supreme Court held that the law of the case precluded further litigation of the issue. The direct-appeal decision is attached to the reply (#10) as an non-enumerated exhibit.

1  by the Supreme Court of the United States. See Carey v. Musladin, 549 U.S. 70, 76-77 (2006).
2  This court cannot grant petitioner relief on the issue of the results of the field sobriety tests.[3]
3       Regarding petitioner's response to Degner's question about taking field sobriety tests, that
4  there was no need because he had consumed alcohol, Muniz had similar facts. Muniz was arrested
5  for drunk driving and taken to a booking facility. Officer Hosterman asked Muniz to perform field
6  sobriety tests, and Hosterman gave Muniz instructions on how to perform the tests. Muniz gave
7  incriminating statements, in addition to taking and failing the tests. 496 U.S. at 603-04. Officer
8  Deyo then asked Muniz to take a Breathalyzer test, and he informed Muniz of the legal
9  consequences of refusal. "Muniz asked Officer Deyo several questions concerning the legal
10 consequences of refusal, which Deyo answered directly, and Muniz then commented upon his state
11 of inebriation." Id. at 604. Muniz had not received the Miranda warnings when he made his
12 statements. The Supreme Court held that Muniz's statements to Hosterman and to Deyo were
13 volunteered, not in response to a custodial interrogation, and thus did not need to be suppressed
14 under Miranda. Id. at 603-04.
15      The court's summary of Muniz does not differ materially from what happened to petitioner.
16 Given what the Supreme Court of the United States held, the Nevada Supreme Court's
17 determination that petitioner's statements, made in very similar circumstances, were not in violation
18 of Miranda could only be a reasonable application of Muniz.
19      Furthermore, the Nevada Supreme Court's decision not to examine whether petitioner was
20 in custody at the time was reasonable. The parties have always disputed whether petitioner was in
21 custody at the time he gave his statements. However, because the Nevada Supreme Court
22 determined that the statements were not the result of interrogation, it was reasonable not to inquire
23 whether petitioner was in custody.

---

[3] Petitioner argues that footnote 4 of the dissent in Muniz provides a compelling reason to hold that the results of field sobriety tests are testimonial. Reply, at 4 (citing Muniz, 496 U.S. at 616 n.4 (Marshall, J., dissenting)). Section 2254(d) restricts this court's review to the clear holdings of the Supreme Court at the time the Nevada Supreme Court made its decision. There was, and is, no such clear holding.

1   Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the
2 court will not issue a certificate of appealability.
3   Respondents argue that petitioner has waived his claims in this court because, even though
4 he had pleaded guilty on condition that he could present the constitutional issue on direct appeal,
5 the Nevada Supreme Court actually had decided that constitutional issue when it denied the
6 original-jurisdiction habeas corpus petition before petitioner entered his plea.  The court does not
7 need to resolve this issue because it has determined that the Nevada Supreme Court's decision itself
8 was not an unreasonable application of clearly established federal law.
9   IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus pursuant to 28
10 U.S.C. § 2254 (#1) is **DENIED**.  The clerk of the court shall enter judgment accordingly and close
11 this action.
12   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
13   DATED: December 28, 2015.

_____
ANDREW P. GORDON
United States District Judge